In re KRIEGER–SON & CO. (two cases).
APPEL v. GOETZ. FRIEDLEN
BROS. v. SAME.

Circuit Court of Appeals. Seventh Circuit.
December 3, 1927.

Nos. 3898, 3899.

Bankruptcy ⬦467(5)—Conclusion of bankruptcy referee on conflicting evidence that individual notes of corporate officers and stockholders discharged corporate debt will not be disturbed.

Where evidence relative to whether individual notes of officers and stockholders of bankrupt corporation were given in payment and discharge of corporate debt, or as additional security, was conflicting, conclusion of referee from all evidence that transaction was intended to release and discharge corporate debt will not be disturbed.

Appeals from the District Court of the United States for the Eastern District of Wisconsin.

In the matter of the bankruptcy of Krieger-Son & Co. An order of the referee in bankruptcy disallowing claims of Arthur A. Appel and Friedlen Bros. was affirmed by the District Court, and claimants separately appeal. Affirmed.

Alfred Beck, of Chicago, Ill., for appellants.

Emmet Horan, Jr., of Milwaukee, Wis., for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. This appeal challenges the action of the District Court in affirming an order of the referee in bankruptcy disallowing two claims against the bankrupt aggregating about $23,000.

Some time previous to the bankruptcy, the claimants received from Max and Arnold Krieger, officers and principal stockholders of bankrupt corporation, their individual notes for the amount of these claims, and the issue here is wholly of fact, whether the notes of the individuals were payment and discharge of the corporate debt, or additional security to claimants therefor. The transcript shows the evidence upon this controlling proposition of fact to be highly contradictory. Some of it clearly indicates that thereby payment and discharge of the corporate debt was intended by all parties to the transaction. From other parts it would seem that the corporate debt remained, the individual notes being given as further security.

In such a contingency the trier of the facts, who saw and heard all the witnesses, had decided advantage in determining where the truth lay. The referee saw and heard the witnesses, and his conclusion from all the evidence that the parties to the transaction intended to release and discharge the corporate debt, and that they did so, we do not feel at liberty to disturb.

The affirming order of the District Court is affirmed.